Pearson, C. J.
 

 The proceeding which was allowed by his Honor, in the Court below, is of the first impression in this State.
 
 ~We
 
 find nothing to warrant it, either according to the course of the common law, or under our statute, giving the process of attachment as a substitute for the ordinary process where the latter cannot be served.
 

 Suppose, pending an action, commenced in the ordinary way, a third person should file a petition, setting out that he was a creditor of the defendant; that should the plaintiff get judgment, all of the defendant’s property would be sold under execution, and any judgment that the petitioner might afterwards obtain, would be fruitless; that there was nothing owing to the plaintiff, but the petitioner feared he would get judgment, either because the defendant would neglect to con
 
 *400
 
 test the claim-, or would act collusively, atid thereupon pray that “ he should be allowed to
 
 intervene
 
 and contest the existence and validity of the alleged debt of the plaintiff,” is it too much to say sncli an application would astonish- every member of the legal profession in the State of North Carolina ? The appeal of the petitioner “ must I lose "a just debt because of the negligence or fraud of my debtor ? “ AVill a court of justice- lend its aid to one, who, as I am ready to prove, has no subsisting debt,” would be- met by-the reply,.
 
 “
 
 If you are permitted to contest the plaintiff’s debt, he must be permitted to do so in respect to your debt, and thus make-a double suit ; wholly at variance- with the coarse- of
 
 a
 
 court of law, and for which there is no precedent.
 

 Is the case altered where the action is commenced by original attachment? If so, it must be by force of some provision of the statute ; for the- proceeding is still in
 
 a court of law
 
 — a fact, by the laye, which there seems to be a strong-disposition to overlook, in a blind effort to do justice,. under the-idea that the long established, modes of proceeding at law, are not calculated to effect it. This may be so ; bn-t while the matter is at law, “ the course of the court” must he observed, except so far as it is changed by statute. So the- question is narrowed to this : Does the statute contain a provision which authorises the Court to allow a third person to- contest the debt of the plaintiff ?
 

 It is manifest that the case does not fall under the 10th section, Rev. Code, chap. 7 : “ When the property attached shall be claimed by any other person, the claimant may interplead, <fcc.,” for the petitioner does not claim the property ; on the contrary, the proceeding assumes that the property belongs to the debtor.. Indeed, the counsel for the petitioner did no-t insist that this section embraced the case-, but referred ns to the remarks of Drake on Attachments, and the cases there cited, in support of the proceeding.
 

 There are some considerations which may tend to show the expediency of allowing with proper restrictions a junior attaching creditor to contest the debt of the plaintiff, but they
 
 *401
 
 address themselves to the law-makers, and not to the courts, and we cannot yield our assent to the suggestion that the cases cited by Drake, “ proceeding upon principles of strict right and justice, and fulfilling the laws’s aversion to. every species of fraud,” are sufficient authority to induce the Oo.urt to put a strained construction upon our statute, so as to make it meet the case, however desirable it may be to have a uniform practice in the Courts of the different States.
 

 In respect to the cases cited, this general remark may be made: but little aid can be derived in the construction of a statute, from the decisions of the Courts of other States; because the provisions of the statutes are scarcely ever the san^ and there is no telling how far the question of construction may be affected by the current of legislation on other subjects. The case cited from New Hampshire,
 
 Buckman
 
 v. Buckman, 4 New Hamp. Rep. 319, does not aid us, for it merely states the fact that it is the ordinary practice in that State, to allow a creditor to intervene and defend in the name of the defendant on a suggestion of collusion between the plaintiff and dedefendant, but it does not account for the origin of this practice, or show how a court of law was authorised to adopt it; audit seems, in that State, “attachment” is the
 
 ordwiary
 
 process, and the writ of capias ad respondendum and other mesne process known to the common law, is not in use.
 

 The case from South Carolina,
 
 Walker
 
 v. Roberts, 4 Richardson’s Rep. 561, does not aid us, for in that State, the effect of a judgment rendered on attachment against an absconding debtor, does not reach beyond the property attached, and the statutory provision is treated merely as a mode of distributing the money arising from the attachments; similar to a “ creditor’s bill in Equity, for the distribution of the effects of a deceased debtor.
 

 The case from Virginia,
 
 McClung
 
 v.
 
 Jackson,
 
 6 Grattan 96, tends to support the construction we give to our statute for the right of a junior attaching creditor to intervene, is not put in the section allowing a third person who claims the property attached, to interplead, (which provision is similar to that con
 
 *402
 
 tained in our statute,) but is derived from the provision which allows the' defendant
 
 to matee defense
 
 without giving bail, whereas, by our statute,
 
 the defendant is not
 
 allowed to defend unless the property is replevied by giving bail, section 5.
 

 Nor is the case from Georgia,
 
 Smith
 
 v. Gettinger, 3 Georgia Reports 140, applicable to the question before us, for the decision that a judgment rendered on an attachment may be set aside in a court of law, at the instance of a creditor, who has
 
 obtained a judgment,
 
 on the ground that the first judgment was obtained without consideration, (that is where there is no subsisting debt,) is put on.the ground that “in questions of fraud the jurisdiction by express statute, and indeed by the general law in courts of law and equity, is concurrent.” In this State there is no “express statute” to that effect. Nor is the jurisdiction in courts of Law and courts of Equity, concurrent in all questions of fraud according to “the general law,” as understood by our courts. On the contrary, there are ma; ny questions of fraud on which the courts of law do not assume jurisdiction — as one instance out of many : a woman in contemplation of marriage, secretly conveys away all her property, this is a fraud upon the intended husband, and yet, a court of law does not assume jurisdiction over it, because, in the absence of a statute, it has no jurisdiction except over frauds against
 
 existing rights', Logan
 
 v.
 
 Simmons,
 
 1 Dev. and Bat. 13; same parties, 3 Ired. Eq. 487.
 

 s Upon these four cases, this additional general remark may be made: they do not establish any uniform practice. In South Carolina and Georgia, the petitioning creditor is required to have reduced his debt to a judgment; in New Hampshire and Virginia, he is allowed to intervene before he obtains judgment; and we are not informed what is the practice when the plaintiff, in the first attachment, in his turn, avers collusion between the petitioner and debtor, or that the petitioner has no subsisting debt; and, certainly in “ a proceeding according to the principles of strict right and justice,” the right to charge fraud and impeach the alleged debt of the other, must be mutual, so as to result in a double suit which
 
 *403
 
 3n a court of law is without precedent, except it be allowed by the express provisions of a statute.
 

 It was asked on the argument, is a ¡judgment'conclusive on third persons, s© that a creditor of an -absconding 'debtor -cannot be heard to a-v-er that it was obtained without a subsisting «debt? If so, is there no way for him to intervene,-so as to prevent a judgment from being rendered ? The reply is, that there is no way, -in a court of law, by which a third person, he being a creditor, can prevent a- judgment from having
 
 its legal effect,
 
 unless there is >& statute by which -it is made void ■as against creditors. This is settled;
 
 Skinner
 
 v.
 
 Moore,
 
 2 Dev. and Bat. 138 ;
 
 Respass
 
 v.
 
 Pender,
 
 Busb. 78. Where there is ’collusion between the alleged creditor and the absconding debtor, with an intent to defraud his true creditors, we suppose the case would come under the provisions of the statute, Rev. Code, ch. 50, sec. 1, which makes “ every gift, grant, and conveyance of lands, goods and chattels, and every
 
 bond, suit, judgment and execution,
 
 made with an intent to hinder and defraud creditors, void as against-ereditors.” But to bring the case within this statute, it would not be sufficient to prove that the plaintiff, in the attachment, had no subsisting debt when the attachment issued; it would be necessary 'to connect the debtor with the fraud, as by showing that be^ fore absconding, he executed a note for a feigned debt, for the purpose of being made the groundwork of the -fraudulent-attachment, by which his property was to be put beyond the Teach of his creditors ; 'and even in that case, the proceeding would not be by
 
 intervening,
 
 so as to prevent the judgment, or by moving to set it aside, for there is no such mode of proceeding according to the course of the Court, but by taking a judgment and having the property seized under execution — treating the first judgment and the proceedings, under it-, as void-, ■in the same -way as is done in the case of a deed made to defraud 'creditors; the legal effect of which, a third person, by the statute, is allowed to avoid. But for the statute, the deed, ias well as the judgment, would, as a matter of course, have
 
 *404
 
 its legal effect as well in reference to third persons as to parties and privies.
 

 The conclusion, to which v?e have arrived, is unavoidable, unless in an effort to do what seems to be “just and right,”' the Court should break through the long established distinction between the jurisdiction of a court of law and a court
 
 of
 
 equity, so as to confound the two. This can only be- done by that department of our government, whose province is
 
 to make laws.
 

 There is error. The order, in the Court below, will be reversed, and the petition be dismissed.
 

 Per Curiam,
 

 Judgment reversed..